

August 19, 2020

Hon. Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1610
New York, NY  10007

By Electronic Filing and Email.

>    Re:    Request for Pre-Motion Conference, Briefing Schedule, and Hearing in
>    <u>Jones et al. v. United States Postal Service et al., 20-cv-6516-VM</u>

Dear Judge Marrero:

My firm, along with other counsel who have appeared, represents the Plaintiffs in the case named above.  I write to (1) request a Pre-Motion Conference (Your Honor's Practices II-A) on a motion for a preliminary injunction under Fed. R. Civ. P. 65; (2) request that the Court set an accelerated briefing schedule for that motion; and (3) calendar an evidentiary hearing so we may begin arranging for necessary testimony.

Some brief background:  This case concerns a barrage of policy changes and other actions at the United States Postal Service ("USPS") that will have the inevitable effect of disenfranchising thousands – if not millions – of Americans.  Those changes range from a bar on overtime (a critical part of how USPS has historically handled election mail), to rate and priority changes for election mail, to the removal and destruction of million-plus dollar pieces of mail sorting machinery.  Under pressure from all quarters, Defendants have now issued a vague press release stating they intended to roll back *policy* changes (though the exact phrasing suggests they are not walking back all changes), but have not at all addressed the harms already done.  Postmaster DeJoy has also committed to testify in front of the Senate on Friday and the House of Representatives on Monday.  *See* Marianne Levine and Danial Lippman, Postmaster General to Testify before Senate Committee on Friday, POLITICO (Aug. 18, 2020), *available at* https://www.politico.com/news/2020/08/18/postmaster-general-to-testify-before-senate-committee-on-friday-397582.  Senator Chuck Schumer has "spoke[n] to Postmaster DeJoy" and requested a "specific, written document of exactly what [Postmaster DeJoy is] rescinding and explicit confirmation all election mail will be treated as First Class," though Postmaster DeJoy has not confirmed he will create that document.  Chuck Schumer (@SenSchumer), TWITTER (Aug. 18, 2020, 7:18 p.m.), https://twitter.com/SenSchumer/status/1295862599377203201?s=20.

With that in mind, Plaintiffs intend to move for a preliminary injunction.  While the Complaint (ECF No. 1) sets out the nature of the claims at some length, the basics are these:



- "[a] voter's precious right to vote [cannot be] just left to chance, random chance, whether he or she ends up with a post office that does its job." *Gallagher v. N.Y. State Bd. of Elections*, 2020 U.S. Dist. LEXIS 138219 at *61 (SDNY Aug. 3, 2020).

- If thousands of votes will be discarded because of a government action, "based on circumstances beyond the voters' control," that action places a "exceptionally severe" burden on the right to vote, triggering strict scrutiny. *Id.* at *47.

- At this point, Defendants' public retreat from some of the policy changes all but concedes that those policies *will* have an effect on election mail.

- Defendants' sole justification for their actions is a cost-cutting, but "vindication of conceded constitutional rights cannot be made dependent upon any theory that it is less expensive to deny than to afford them." *Watson v. City of Memphis*, 373 U.S. 526, 537 (1963).

Thus, the acts are unconstitutional, requiring an injunction because irreparable harm is presumed when the government violates constitutional rights. *See, e.g.*, *Schulz v. Williams*, 44 F.3d 48 (2d Cir. 1994); *Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986); *Kermani v. N.Y. State Bd. of Elections*, 487 F. Supp. 2d 101 (NDNY 2006).

Courts in the Southern District and elsewhere in the Second Circuit have routinely accelerated briefing and decisions in similar election-related matters. *See, e.g.*, *Yang v. Kosinski*, 960 F.3d 119, 124 (2d Cir. 2020) (Second Circuit affirming, on May 19, a May 5 order of the District Court directing the Democratic primary be held, in a case commenced on April 28); *Schulz v. Williams*, 44 F.3d 48 (2d Cir. 1994) ("The procedural history of this accelerated litigation is complex"). *See also, Gallagher v. N.Y. State Bd. Of Elec.*, 20-cv-5504-AT, ECF No. 6 (SDNY July 17, 2020) (granting a similar request to this one).

Similarly, acting under Fed. R. Civ. P. 16(a) and 65, District Courts in the Second Circuit routinely accelerate other emergent preliminary injunction matters. *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharms., Inc.* 63 F. Supp. 2d 467 (SDNY 1999), *aff'd*, 211 F.3d 21 (2d Cir. 2000), cert. den. 531 U.S. 872 (2000) ("The return date for the preliminary injunction motion was accelerated to yesterday, September 9, 1999, and a hearing was held"); *Chiarella v. Vetta Sports*, 1994 U.S. Dist. LEXIS 14395 (SDNY 1994) ("It has long been recognized that an accelerated decision on the merits often is appropriate when a preliminary injunction has been requested"); *AVCO Fin. Corp. v. CFTC*, 929 F. Supp. 714 (SDNY 1996) ("Consequently, AVCO withdrew its request for a temporary restraining order and the parties proceeded to brief the motion for a preliminary injunction on an accelerated schedule").

Given that essentially *the* key witness here will be testifying in two Congressional hearings in the next week, we ask that the Court set a schedule that allows us to process and incorporate his testimony – along with the document requested by Senator Schumer, if it is created – and tailor the relief requested to the actual state of play.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Thus, we propose this schedule[1] (though, of course, we are available at the Court's convenience):

- Plaintiffs will serve their motion papers on Defendants on or before August 26, 2020 (two days after Postmaster DeJoy's House testimony);

- Defendants will serve their opposition on Plaintiffs on or before August 31, 2020;

- Plaintiffs will serve their Reply, if any, on September 1, 2020;

- If any factual disputes exist and the Court desires to hear live testimony, a fact-finding hearing should start on September 3, 2020, or as soon thereafter as may be convenient for the Court; *and*

- If no factual disputes appear relevant to the Court, if the Court "determines oral argument will be necessary," the Court will set an appropriate date for them (as suggested in Your Honor's Practices at II-I).

We believe this schedule will allow the parties adequate time to brief these important issues, while also producing a result with sufficient time for the parties to seek appellate review if they desire without the case becoming moot. We thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
remy@femmelaw.com
*Attorneys for Plaintiffs*

cc:
All relevant parties, sent as required for service on Officers of the United States.

---

[1] We also technically request a pre-motion conference, consistent with Your Honor's Rules, but – given the nature of this case – we are uncertain such a conference would be productive. Thus, if the Court agrees on that point and there are no other matters Your Honor wishes to address, we believe we can simply save the Court's time and move forward on briefing the motion.



Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com