**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mondaire Jones, Alessandra Biaggi, Chris Burdick, Stephanie Keegan, Seth Rosen, Shannon Spencer, Kathy Rothschild, Diana M. Woody, Perry Sainati, Robert Golub, Mary Winton Green, Marsie Wallach, Matthew Wallach, Mac Wallach, Carol Sussman, *and* Rebecca Rieckhoff, *individually, and on behalf of all others similarly situated,*<br><br>                  Plaintiffs,<br><br>   v.<br><br>United States Postal Service, Louis DeJoy*, as Postmaster General of the United States Postal Service*; and Donald J. Trump, *as President of the United States,*<br><br>                  Defendants. | Docket No. 20-cv-6516-VM<br><br>**NOTICE OF MOTION FOR INJUNCTIVE RELIEF** |

**PLEASE TAKE NOTICE** that, upon the Complaint and Exhibits; and Plaintiffs' Memorandum of Law dated August 20, 2020 in support of their Motion for Injunctive Relief; the Declarations and Exhibits filed therewith; and all of the prior pleadings and proceedings had herein, Plaintiffs will move this Court, before the Honorable Victor Marrero, United States District Judge, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, 10007, for an Order:

(1) Requiring the United States Postal Service to accomplish the following, including but not limited to, by taking the other steps outlined in in paragraphs (2)-(8) below:

    a. No later than September 30, 2020, restore its First Class Mail on-time delivery score to the "baseline" level.

    b. Deliver more than 99% of election mail on time.

    c. Treat all election mail as First Class Mail or Priority Mail Express, whether it is going to voters or being returned from voters.

    d. Pre-approve all overtime that has been or will be requested beginning October 26, 2020 and continuing through November 6, 2020.

    e. To the extent not already covered by paragraph (6) below, allowing all extra trips and overtime required to deliver every piece of mail each day, beginning on October 15, 2020.

(2) Directing the United States Postal Service to provide this Court and Plaintiffs with the same weekly updates it has committed to providing Congress.

    a. To the extent the United States Postal Service is not providing the separate, unmerged 2-day and 3-5 day weekly service reports, or not providing variance reports (*see, for example*, https://about.usps.com/what/performance/service-performance/fy2020-q3-single-piece-first-class-mail-service-variance.pdf), to Congress, directing the United States Postal Service to provide such reports to this Court and Plaintiffs weekly.

(3) Directing the United States Postal Service to conduct Office of the Inspector General audits of all United States Postal Service mail processing plants at a regular interval to be determined by the Court, and to provide the results of those audits to the Court and Plaintiffs.

(4) Requiring, on November 2, 2020 and November 3, 2020, the United States Postal Service to treat all election mail as Priority Mail Express and deliver it the same day it is received.

(5) Requiring the United States Postal Service to ensure, to the maximum extent practical, that election mail is processed and cleared from any postal facility or post office on the same day it is received at such a facility or post office.

(6) Enjoining, until two weeks after the November General Election, the United States Postal Service from implementing or approving any change to the operations or the level of service provided by the Postal Service from those in effect on January 1, 2020, that would reduce service performance or impede prompt, reliable, and efficient services, including any of the following actions:

    a. Any change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis.

    b. Any revision of service standards.

    c. Any closure or consolidation of any post office or postal facility, or any reduction of such office or facility hours.

    d. Any prohibition or restriction on the use of overtime or overtime pay to Postal Service officers or employees.

    e. Any change that would prevent the Postal Service from meeting its service standards or cause a decline in measurements of performance relative to those service standards.

    f. Any change that would have the effect of delaying deferring, or curtailing mail, allowing for the non-delivery of mail to a delivery route, or increasing the volume of undelivered mail.

    g. Except as set out herein, treating election mail as any class of mail other than first-class mail, regardless of whether such treatment requires payment of overtime pay to officers or employees of the Postal Service.

    h. Removing, decommissioning, or any other stoppage of mail sorting machines, other than for routine maintenance.

    i. Removing or eliminating any mail collection box that is available to the public.

    j. Enacting any rule, policy, or standard the purpose or effect of which would delay the delivery of mail to or from a government entity.

    k. Instituting any hiring freeze.

(7) Setting a date to determine, after reviewing the OIG reports, whether further relief is necessary to achieve timely delivery of all election mail.

(8) Granting any further relief that, after testimony or review of the record, the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that, as Ordered by the Court,

(1) Plaintiffs will serve their motion papers on Defendants on or before September 2, 2020;

(2) Defendants will serve their opposition on Plaintiffs on or before September 8, 2020;

(3) Plaintiffs will serve their Reply, if any, on September 9, 2020; and

(4) the Court will schedule a fact-finding hearing or oral argument, if necessary, by separate Order (*see* ECF No. 11).

DATED:    September 2, 2020
               Queens, NY

/s/
_____
J. Remy Green
**COHEN&GREEN P.L.L.C.**
1639 Centre Street, Suite 216
Ridgewood, New York 11385
(929) 888.9480 (telephone)

(929) 888.9457 (facsimile)
remy@femmelaw.com

*Attorneys for Plaintiffs*