

September 14, 2020

Hon. Victor Marrero, U.S.D.J.
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

By Electronic Filing.

> Re: Letter Motion to Compel or In Limine,
> <u>Jones et al. v. United States Postal Service</u>, 20-cv-6516-VM

Dear Judge Marrero:

My firm and other counsel who have appeared represent Plaintiffs in the case named above. We write to make motions on two subjects: (1) testimony (or not) by Postmaster General DeJoy and (2) a limited collection of documents we have requested with a hearing subpoena. We conferred extensively on these issues and Defendants have essentially argued that hearing subpoenas are inherently improper, and have been unable to commit to producing any documents. Further, as to Postmaster DeJoy's testimony, they have made clear the Postmaster is unwilling to testify in this case.

**I. Background.**

With apologies for the rushed nature of this letter, I will briefly recite relevant facts, and all factual matters below are stated under penalty of perjury.

As noted in the parties' joint letter this evening (ECF No. 41), we served two subpoenas on Defendants, one seeking certain documents and the other to obtain the testimony of the Postmaster General. Before sending the subpoenas, we conferred with Defendants and described with much more precision the documents we were actually looking for, and noted something to the effect of, "we're going to send a subpoena that sounds much broader than this, so that we don't get into a fight about whether a particular document is actually covered by the subpoena, but you should know that we're not actually looking to get every document described by the subpoena." Similarly, in the email transmitting the subpoena, we stated, "[o]n what documents are covered, we understand the descriptions we've given are probably too broad, and are happy to narrow and otherwise agree on what, exactly, we need produced." Defendants accepted service of both subpoenas and otherwise reserved objections.

In conferring on the document subpoena, while we reserved rights, we agreed that the subpoena would be satisfied if Defendants produced three categories of document, one of which there is no dispute about (the most recent data for delivery standards, *see* ECF No. 41 at 2 (noting that "updated USPS performance data [was] provided to plaintiffs on Saturday, September 12, 2020").



- First, there are three documents that are significant in the papers: (1) a July 10 "Mandatory Stand Up Talk: All Employees"; (2) a July 14 "PMG Expectations and plan" presentation, and (3) a Portland "ALL ... TRIPS WILL DEPART ON TIME, NO EXCEPTIONS" sign. We have specified to Defendants that we "are looking for all communications related to these documents (including authenticated versions of the documents themselves)," and provided examples of the kinds of documents we would want to see based on the arguments Defendants have made about them.[1] Basically: we want to see the documents and how they were distributed.

- Second, because it may be clearer, we simply reproduce Defendants' full response:

    > "USPS can review the following documents: 'all emails from June 15, 2020, to Sept. 5, 2020, by and between Postmaster General DeJoy, his Chief of Staff, or his Special Senior Advisor, and President Trump, Chief of Staff Meadows, or Treasury Secretary Mnuchin concerning the November 3 election, mailed ballots or Election Mail.' The agency can make efforts to review these records as quickly as possible but is not presently in a position to know whether it can complete that review or provide the documents by Wednesday's hearing as timing will depend, among other things, on technical issues associated with preparing and conducting such a review, the volume of responsive documents as well as the extent to which their review must be coordinated with other parts of the government, including Treasury and the White House."

We seek nothing else potentially covered by the subpoena. Defendants have said that they will try to review documents, but have told us "we're not currently in a position to make guarantees as to the [requested documents]."

On the subpoena for the Postmaster General's testimony, Defendants have made clear they are unwilling to have him testify.

**II. Analysis.**

Generally speaking, "[u]nless it offers an adequate excuse, a party or non-party must obey a valid subpoena." *Cadlerock Joint Venture, L.P. v. Esmeldy Auto Corp.,* 2011 U.S. Dist. LEXIS 77413 (SDNY 2011). *Orbit One Communs., Inc. v. Numerex Corp.*, 255 F.R.D. 98, 105 (S.D.N.Y. 2008) (same). We believe we have agreed to narrow the subpoenas at issue here to the point where compliance is virtually a non-burden.

A recent Southern District case described the process and appropriate escalations at length recently:

> "This Court has discretion to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. However, the advisory

---

[1] Those explanations took, essentially, this form: "Purely as an example, let's imagine the July 10 talk was a local employee departing from a District-level script. We would like to see the script that was meant to be followed, as well as everyone the local employee forwarded the modified script/document to."



Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



committee noted that 'it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena. Indeed, courts in this district generally find non-parties in contempt upon failure to comply with a subpoena only when they also violate a court order to do so."

*AM Indus. USA, LLC v. Gibson Brands, Inc.,* 2020 U.S. Dist. LEXIS 124293 (SDNY 2020) (citations omitted), *citing* Fed. R. Civ. P. 45(g) and Fed. R. Civ. P. 45(g) advisory committee's note to 2018 amendment. If a party "makes clear he [is] going to ignore [a] trial subpoena," that merits an order to appear and potentially other sanctions. *See Teller v. Helbrans*, 2019 U.S. Dist. LEXIS 194025 (EDNY 2019) ("By ignoring the deposition subpoena and making clear that he was going to ignore the trial subpoena, Teller has willfully violated the Court's orders that he appear in person to testify. Thus, all of these failures to appear were willful.")

Defendants have responded by claiming that these narrow inquiries are somehow an attempt to have the Court preside over broad discovery by the backdoor. We believe they are not. The Court should either order compliance, or – as explained below – offer reasonable alternatives to compliance.

A. **Documents.**

Plaintiffs are seeking only two categories of document. The first category is obviously relevant, particularly given Defendants' assertions that two of these three documents were only "distributed locally" and that they "do not represent official Postal Service guidance or direction." Curtis Dec. ¶ 24 n. 1. Given that these documents *do* "ban all overtime or all extra or late trips and [] instruct local facilities to leave at the facility mail that was scheduled for delivery" (*id.*, beginning "contrary to some information in these documents, Headquarters did not…"), it is very relevant to the issues at stake exactly *what* level these documents came from. Similarly, it is relevant to see exactly whom these documents were distributed to.

The second category is one that should be very small: Postmaster DeJoy's House testimony suggested that is generally *not* an open line between the White House and USPS about election mail. Yet Defendants' response on this suggests that there actually are enough documents to make a review burdensome – that burden is the basis of their objection.

For documents, we believe there is no need for anything but an order compelling production.

B. **Postmaster Testimony.**[2]

Defendants have not moved to quash this subpoena, but have signaled their intent to disobey it. The Postmaster General's testimony is relevant on many fronts, but most especially, because of

---

[2] One significant issue with the subpoena for testimony is that Defendants are very likely to seek emergency appellate review if testimony is compelled. For that reason, if the Court grants this motion, we ask it to also clarify that, given the urgency here, the hearing will move forward regardless. We also believe, for this reason, the alternative *in limine* approach we outline may be more appropriate.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants' insistence that Plaintiffs prove some form of malicious intent.³  *See, e.g.*, ECF No. 22 at 37-39 (arguing Plaintiffs must show USPS is "purposefully interfering with plaintiffs' votes or discriminating against voters.").  Postmaster DeJoy is also the sole witness able to speak to the various commitments and the "pause" he promised to Congress, as well as the steps he has taken to implement such measures.  Even his non-knowledge of certain things would be very probative of the sort of intent Defendants demand Plaintiffs show.  *See generally, Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011).  Without the word of the Postmaster – which, to be clear, Defendants themselves *do* rely on (see, for example, ECF No. 22 at 4 n. 2, relying on Postmaster DeJoy's opening remarks in various settings) – it is not even clear any witness exists who *could* speak to intent.

In the alternative, however, we believe something between an *in limine* ruling precluding Defendants from arguing that Plaintiffs' constitutional claims require a showing of intent and an adverse inference would be appropriate.  Since the correct rule for all the claims here is that no intent is required, it may be best for all involved to simply resolve that issue *in limine.*  *See, e.g.*, ECF No. 38 at 14-16, *citing, inter alia, Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1319 (11th Cir. 2019) ("[t]o establish an undue burden on the right to vote under the *Anderson-Burdick* test, Plaintiffs need not demonstrate discriminatory intent behind the [restrictions]").

This would, in some ways, also look like a missing witness instruction.  *See 4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202, 211; 211 n. 2 (2d Cir. 2019) ("missing witness" instructions in bench trials are appropriate, and can be used to show willfulness).  *See also, Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 700 (S.D.N.Y. 2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016); *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) (missing witness instruction is appropriate when "a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction," yet fails to call those witnesses).

---

³ While we disagree any intent is required, we believe that we are, in the alternative, entitled to attempt to make the showing Defendants demand.





## Conclusion

For the reasons above, we ask that the Court enter an Order:

1. Compelling Defendants to produce the two categories of documents described in this motion; and
2. Either:
    a. Compelling Postmaster DeJoy to appear to testify at the hearing Wednesday; or
    b. Precluding Defendants from arguing that Plaintiffs cannot demonstrate any requisite intent, or that intent is an element of any claim, *unless* Defendants call Postmaster DeJoy to testify on his own intent.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
remy@femmelaw.com
*Attorneys for Plaintiffs*

cc:
All relevant parties by ECF and email.

Page 5 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com