```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MONDAIRE JONES, et al.,            :
                                   :
                    Plaintiffs,    :   20 Civ. 6516 (VM)
                                   :
     - against -                   :   ORDER
                                   :
UNITED STATES POSTAL SERVICE, et al.,:
                                   :
                                   :
                    Defendants.    :
----------------------------------X
```

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 9/15/2020

**VICTOR MARRERO, United States District Judge.**

By letter dated September 14, 2020, counsel for Plaintiffs requests an order from this Court enforcing two subpoenas in advance of the hearing scheduled for September 16, 2020 in the above-captioned matter. (Dkt. No. 42.) By joint letter also dated September 14, 2020, counsel for both parties propose a schedule and set of topics for witnesses at the hearing. (Dkt. No. 41.) For the reasons stated herein Plaintiffs' request for an order enforcing the subpoenas is DENIED and the parties' joint request for witnesses at the hearing is DENIED in part as set forth below.

By the first subpoena, Plaintiffs sought three categories of documents, one of which is not in dispute as the Government has already made a responsive production. (Dkt. No. 42 at 1.) The two remaining categories are communications related to certain documents already in the record. With regard to these remaining categories, the Government responded that it would review documents, but that it could not promise to make a production

before Wednesday's hearing because doing so would depend on the volume, possible coordination with Treasury and the White House, and the time needed to prepare the production. The Government has therefore neither ignored the subpoena nor indicated that it would not ultimately comply. Instead, the Government has expressed it cannot reasonably proceed in accordance with the expedited schedule Plaintiffs demand.

In reviewing requests for expedited discovery, courts evaluate the following factors: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Irish Lesbian & Gay Orgs. v. Giuliani, 918 F. Supp. 728, 730 (S.D.N.Y. 1996) (quoting Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).

Here, the Court can order discovery to proceed at any point, and thus if the requested relief is denied, Plaintiffs will lose only the opportunity to question witnesses about any of the newly uncovered documents at the September 16 hearing. The Court finds that the burden on the Government to produce the requested documents by tomorrow outweighs the injury that would result to Plaintiffs. This is especially so where that injury is speculative,

given that it is presently unknown whether the hearing witnesses were parties to any of the new documents, or could otherwise testify about them. See Citigroup Inc. v. AT&T Inc., No. 16 Civ. 4333, 2016 WL 8794472 (S.D.N.Y. July 1, 2016) (denying the motion for expedited discovery, in part because it would increase the burden on defendants, who were already going to be under a heavy discovery burden in the coming months due to the court's timeline).

Second, Plaintiffs seek an order compelling Postmaster DeJoy to testify at Wednesday's hearing. (Dkt. 42 at 3.) The Government opposes. (See Dkt. 41 at 2.) Plaintiffs argue that Mr. DeJoy's testimony is relevant to several issues, including in particular the issue of intent. In the alternative, Plaintiffs request an in limine ruling that their constitutional claims do not require a showing of intent. In light of the availability of sworn testimony by Mr. DeJoy relating to this very issue -- which Plaintiffs cite (e.g., Dkt. No. 19-1 at 3) -- the Court declines to compel his testimony at the September 16, 2020 hearing. Nor does the Court find that an in limine ruling is appropriate at this time.

Finally, the parties have jointly submitted a list of witnesses for the preliminary injunction hearing. (Dkt. No. 41.) While the Government does not indicate how long it intends to question its witnesses, Plaintiffs request 45 minutes of direct testimony for each of the four witnesses in its case in chief and

45 minutes of cross-examination for three of the Government's potential witnesses. The Court is not persuaded that such lengthy testimony is necessary. Each witness will be limited to ten minutes with the exception of the expert witnesses who will be permitted to make a twenty-minute presentation before being questioned.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' request that the Court enforce the two subpoenas (Dkt. No. 42) is **DENIED,** and it is further

**ORDERED** that the parties' joint request for testimony (Dkt. No. 41) is **DENIED** in part. Witness testimony will be limited as set forth above.

**SO ORDERED.**

Dated:     New York, New York
           15 September 2020

_____
Victor Marrero
U.S.D.J.