# Exhibit A

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Mondaire Jones et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 20-Cv-6516 |
| United States Postal Service et al, | ) | |
| *Defendant* | ) | |

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A CIVIL ACTION**

To: United States Postal Service

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | United States Courthouse<br>500 Pearl Street<br>NY NY 10007 (hearing by teleconference) | Courtroom No.: 15B |
|---|---|---|
| | | Date and Time: 09/16/2020 11:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/11/2020

CLERK OF COURT

OR

_____          /s/ Remy Green
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Remy Green, Esq. Cohen & Green PLLC 1639 Centre Street #216 Ridgewood NY 11385 remy@femmelaw.com (929) 888.9480

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 20-Cv-6516

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

The document requests below are served subject to all instructions and definitions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, as well as to the instructions and definitions set forth below.

## INSTRUCTIONS

1. Any responsive document in electronic form shall be produced in electronic form, including, without limitation, originals and all copies of email; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; image files in any format; PDF files; and all other electronic files or file fragments, regardless of the media on which they are stored and regardless whether the data resides in an active file, deleted file, or file fragments.

2. All documents electronically produced shall be provided in a file format that can be read by a computer configured to process ADOBE ACROBAT®, Microsoft Word®, or Microsoft Excel® formatted files, when possible. Should a document not be capable of being produced in one of these file formats (or in a standard image format), identify the software application, including the version number and trade name, that can be used to open such document.

3. Produce all documents in the order in which they appear in your files. Documents that, in their original condition, are stapled, clipped, or otherwise fastened together shall be produced in this same condition.

4. Produce all documents within your possession, custody, or control including all documents in the possession, custody, or control of any employee, agent, representative, consultant, attorney, accountant, advisors, or other persons directly or indirectly connected with you or subject to your control, any

government department, agency or any other government subdivision.

5. If any responsive document has been lost, destroyed, removed from, or is no longer in your possession, custody, or control for any reason, please identify the document, its last known location, and the circumstances surrounding its loss, destruction, or removal.

6. If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, please specifically set forth the privilege being asserted and any factual or legal basis for its assertion. Also set forth the date and title of the document, its subject matter generally, its author(s) and recipient(s), and its Bates number(s).

7. If no documents responsive to a particular request exist, or if such documents exist but are not in your possession, custody, or control, then your response to that request shall so state.

8. Pursuant to the Federal Rules of Civil Procedure, these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

## DEFINITIONS

1. The "Relevant Period" shall mean May 1, 2020 through the present.

2. "USPS" shall mean defendant United States Postal Service.

3. "Stand Up Talks" shall mean addresses or presentations given by regional or local managers to, or discussions with, USPS employees, whether or not formally titled as such.

4. "Sorting machines" shall mean any machine owned or operated by USPS that postmarks, cancels, sorts or otherwise processes quantities of mail, including without limitation Advanced Facer Canceller Systems, Automated Flat Sorting Machines, Delivery Bar Code Sorters and Flat Sequencing Systems.

5. "Election Mail" shall mean any item mailed to or from authorized election officials that enables citizens to participate in the voting process — including without limitation ballots, voter registration cards, absentee voting applications and polling place notifications.

5. "Communication" shall mean any transmission of information by one or more persons to one or

more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, text messages, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

11. "Document" or "documents" shall have the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a) including ESI, and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to, all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); text messages; minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

## DOCUMENT REQUESTS

1. All Documents and Communications from the Relevant Period between USPS and its employees concerning  Stand Up Talks ,

2.  All Documents and Communications from the Relevant Period between USPS and its employees concerning  reinstallation of removed sorting machines.

3. All Documents and Communications from the Relevant Period between USPS and its employees concerning Postmaster General DeJoy's statements to Congress that certain actions and changes will be suspended pending the election, including without limitation any documents communicating these changes, interpreting them, describing or addressing noncompliance, or instructing personnel to roll back or otherwise not implement certain changes.

4. All Documents and Communications from the Relevant Period by and between USPS and President Donald Trump, or anyone acting on the President's behalf, or the Chief of Staff Mark Meadows, or Treasury Secretary Steven Mnuchin or any other member of the Donald Trump administration not employed by USPS, concerning the November 3 election, mailed ballots or Election Mail.

5. All Documents and Communications from the Relevant Period concerning any signs, whether authorized or unauthorized, placed in any post office or on USPS property, concerning any subject of DeJoy testimony, change in policy, or policy regarding trucks, overtime, sorting machines, routes, mailboxes, truck scheduling, late departures, or any other policy named in the Complaint.

6. All Documents and Communications from the Relevant Period concerning Market Dominant on-time service performance and service variance results at the national, area, and district levels for each week for the period of June 1, 2020, through September 4, 2020.

7. All Documents and Communications from the Relevant Period concerning Market Dominant on-time service performance and service variance results at the national, area, and district levels for each week for the same period last year, i.e., the corresponding weeks in FY 2019.