# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 3, 2020

MEMORANDUM TO COUNSEL RE:   National Urban League, et al. v. Louis DeJoy, et al.
Civil Action No. GLR-20-2391

Dear Counsel:

Pending before the Court is a Motion for Leave to Conduct Expedited Discovery filed by Plaintiffs National Urban League, Common Cause, and the League of Women Voters of the United States, on behalf of themselves and their members (collectively, "Plaintiffs"). (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion in part and deny the Motion in part.

Plaintiffs filed their Complaint on August 18, 2020, in response to certain changes Defendant Louis DeJoy, the United States Postmaster General, made to the policies and procedures of Defendant United States Postal Service ("USPS") that could impact the upcoming election. (Compl. ¶ 1, ECF No. 1). Eight days later, before Defendants had an opportunity to submit an answer to or move to dismiss the complaint, Plaintiffs filed a Motion for Leave to Conduct Expedited Discovery. (ECF No. 22). Plaintiffs have not sought a preliminary injunction in conjunction with the Motion. In their Motion, Plaintiffs seek expedited discovery consisting of (1) a deposition of one or more USPS representatives possessing information concerning fourteen topics enumerated by Plaintiffs; and (2) three requests for the production of documents that, in effect, seek substantially all documents relating to the fourteen enumerated topics set forth in Plaintiffs' request for a Rule 30(b)(6) deposition, as well as all documents Defendants produced in discovery in a series of related cases.

As Plaintiffs correctly note, Rule 16(b)(4) of the Federal Rules of Civil Procedure grants courts considerable discretion in managing the timing of discovery requests. Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery."); Dent v. Montgomery Cty. Police Dep't, 745 F.Supp.2d 648, 663 (D.Md. 2010) ("District courts have broad discretion to manage the timing of discovery, and the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause." (citations omitted)). Further, Federal Rule of Civil Procedure 26(d)(1) and Local Rule 104.4 permit courts to authorize discovery prior to a Rule 26(f) scheduling conference. Although "specific standards for evaluating expedited discovery motions are not set out in the Federal Rules of Civil Procedure," a "standard based upon reasonableness or good cause, taking into account the totality of the circumstances is . . . in keeping with discretion bestowed on the court in the Federal Rules of Civil Procedure." Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531–32 (E.D.N.C. 2005) (citing

Fed. R. Civ. P. 26(b), Fed. R. Civ. P. 30(a)(2)). The Court adopts the Dimension Data standard and will review Plaintiffs' Motion using the "totality of the circumstances" test articulated therein.

The Court notes as an initial matter that Plaintiffs filed this action in the midst of a plethora of related lawsuits filed in federal courts throughout the United States. See, e.g., Washington v. Trump, No. 1:20-cv-03127 (E.D. Wash.); Jones v. U.S. Postal Serv., 1:20-cv-06516 (S.D.N.Y.); Richardson v. Trump, 1:20-cv-02262 (D.D.C.); NAACP v. U.S. Postal Serv., No. 1:20-cv-2295 (D.D.C.); New York v. Trump, No. 1:20-cv-02340 (D.D.C.); Johnakin v. U.S. Postal Serv., No. 2:20-cv-04055 (E.D. Pa.); Pennsylvania v. DeJoy, No. 2:20-cv-4096 (E.D. Pa.); Vote Forward v. DeJoy, 20-cv-2405 (D.D.C.). Like this action, these eight related actions, all of which were filed on or around the same date as Plaintiffs' lawsuit, seek permanent and injunctive relief relating to changes DeJoy made to USPS policies and procedures that will purportedly impact the USPS's ability to facilitate mail-in voting during the 2020 election.

Thus, the discovery—and, indeed, the relief—Plaintiffs seek in this matter is currently being sought by litigants in several other ongoing actions. As a result, this Court finds that Plaintiffs will likely receive much of the information they seek through expedited discovery already taking place in those other forums. The Court therefore does not find that Plaintiffs are likely to be irreparably harmed by the denial of their Motion, nor that the information sought by their Motion is likely subject to future unavailability. See Dimension Data, 226 F.R.D. at 531–32.

The Court further finds that Plaintiffs' request is overbroad. The Dimension Data test requires courts to evaluate whether the requested discovery was narrowly tailored to obtain information relevant to a preliminary injunction motion. Id. In their proposed Request for Production of Documents No. 2, Plaintiffs seek "[a]ny Documents and Communications constituting, evidencing, or referring to the communications described in topics 13 and 14 of the Notice of Deposition issued pursuant to Rule 30(b)(6) contemporaneously with these Requests." (Pls.' First Set of Reqs. for Prod. of Docs. to Defs.' ["Plaintiffs' R.F.P."] at 4, ECF No. 22-5). In their proposed Notice of Rule 30(b)(6) Deposition, topics 13 and 14 seek, in turn, all communications between USPS and federal officials or representatives of any political party or advocacy organization concerning any of the first eleven topics identified for the deposition. (Pls.' Notice of Dep. at 5–7, ECF No. 22-4). Thus, in effect, Plaintiffs seek an expedited production of all documents and communications relating to eleven separate topics. Plaintiffs similarly seek all documents "containing, or describing policies, guidance, or written practices related to the subjects identified in topics 1 through 12" of their proposed Notice of Rule 30(b)(6) Deposition. (Plaintiffs' R.F.P. at 4).

Defendants note that fulfilling Plaintiffs' request for production would "effectively require a burdensome custodian and search-term review process, which certainly cannot be completed in Plaintiffs' requested five-day time-frame. Identifying appropriate custodians, collecting the relevant documents, and loading them into the review platform could alone take several weeks." (Defs.' Resp. to Pls.' Mot. for Leave to Conduct Limited Expedited Discovery ["Defs.' Resp."] at 7, ECF No. 25). The Court agrees and finds that Plaintiffs' Request is unduly burdensome. The Court similarly agrees with Defendants that preparing a Rule 30(b)(6) representative on the Plaintiffs' proposed expedited timeline, while simultaneously coordinating responses to the many other related actions, is impracticable. (Id. at 6–7).

The Court further notes that Plaintiffs have not filed a temporary restraining order or a motion for preliminary injunction.[1] As noted in <u>Dimension Data</u>, "plaintiff's motion for expedited discovery is not reasonably timed, where, as here, plaintiff has not yet filed a temporary restraining order or a motion for preliminary injunction, setting out in detail the areas in which discovery is necessary in advance of a determination of preliminary injunctive relief." 226 F.R.D. at 531–32.

Relatedly, Defendants have articulated colorable challenges to Plaintiffs' Article III standing and the jurisdiction of this Court to hear this dispute. (Defs.' Resp. at 9). The Court does not deem it appropriate at this juncture to impose a substantial burden on Defendants before its ability to hear this dispute has been argued and resolved. As a result, the Court concludes that Plaintiffs' Motion is premature at this stage of the litigation.

Despite these concerns, the Court is mindful of the urgent nature of Plaintiffs' action. Thus, the Court will grant Plaintiffs' Motion to the extent it seeks the expedited production of documents demanded in Plaintiffs' Request for Production of Documents No. 3. (<u>See</u> Plaintiffs' R.F.P. at 4–5). This does not impose a substantial additional burden on Defendants; they are simply required to propound on Plaintiffs in this action all documents they separately propound on litigants in the related actions enumerated in Request No. 3. Defendants should make the first such production to Plaintiffs on or before September 9, 2020, and should continue to produce documents to Plaintiffs on a rolling basis no later than one business day after they produce documents in the related actions set forth in Request No. 3 of Plaintiffs' R.F.P.

For the foregoing reasons, Plaintiffs' Motion for Leave to Conduct Expedited Discovery (ECF No. 22) is GRANTED IN PART and DENIED IN PART. The Court DENIES Plaintiffs' Motion to the extent it seeks an expedited order to depose one or more 30(b)(6) representatives of the USPS and to the extent it seeks the documents set forth in Requests Nos. 1–2 of Plaintiffs' proposed Request for Production of Documents. (<u>See</u> Plaintiffs' R.F.P. at 4). The Court GRANTS Plaintiffs' Motion to the extent it seeks expedited production of the documents set forth in Request No. 3 of Plaintiffs' proposed Request for Production of Documents (<u>See</u> Plaintiffs' R.F.P. at 4–5).

Defendants are hereby ordered to TRANSMIT to Plaintiffs all documents responsive to Request No. 3 of Plaintiffs' proposed Request for Production of Documents no later than September 9, 2020, in the form and format agreed upon by the parties in the related actions. Defendants are further ordered to TRANSMIT to Plaintiffs all documents responsive to Request No. 3 of Plaintiffs' proposed Request for Production of Documents on an ongoing basis for the duration of this litigation, no later than one business day after Defendants produce documents in the related actions set forth in Request No. 3 of Plaintiffs' R.F.P.

---

[1] The Court is uncertain but makes no determination whether Plaintiffs can fulfill the elements of such relief at this time.

  Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

        Very truly yours,

        _____/s/_____
        George L. Russell, III
        United States District Judge