UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONDAIRE JONES, *et al.*,<br><br>                     Plaintiffs,<br><br>  - against -<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>                     Defendants. | No. 20 Civ. 6516 (VM)<br><br>**[PROPOSED] ORDER** |

VICTOR MARRERO, United States District Judge:

WHEREAS, Plaintiffs brought this case challenging certain policies and practices of the United States Postal Service ("USPS") under the First and Fifth Amendments to the United States Constitution;

WHEREAS, on September 2, 2020, Plaintiffs moved the Court for a preliminary injunction;

WHEREAS, on September 16, 2020, the Court conducted a hearing on Plaintiffs' motion, during which the Court took testimony and heard oral argument;

WHEREAS, on September 21, 2020, the Court issued a Decision and Order (the "PI Decision," ECF No. 49) granting Plaintiffs' motion in part, and directing the parties to make efforts to settle and submit an Order providing Plaintiffs with relief consistent with the PI Decision;

WHEREAS, on September 21, 2020, USPS issued a memorandum entitled "Clarifying Operational Instructions" (the "September 21 USPS Instructions," attached hereto as Exhibit A) to all Officers, Postal Career Executive Service (PCES) managers, and Pay Band (Management and Technical Pay Band) employees, with instructions to share the memorandum with their

1

Executive and Administrative Schedule (EAS) employees, which, among other things, noted that "[f]urther guidance on use of additional resources [to facilitate the handling and timely delivery of Election Mail] will be provided separately";

WHEREAS, the parties have conferred and have reached agreements consistent with the PI Decision, as reflected herein;

WHEREAS, the parties propose that the Court so-order the agreements reflected herein;

WHEREAS, for purposes of this Order, the term "Election Mail" shall refer to any item mailed to or from authorized election officials that enables citizens to participate in the voting process, including voter registration materials, absentee or mail-in ballot applications, polling place notifications, blank ballots, and completed ballots;

NOW, THEREFORE, upon the parties' agreement, IT IS HEREBY ORDERED that:

1. USPS shall, to the extent that excess capacity permits, treat all Election Mail as First-Class Mail or Priority Mail Express.

    a. Specifically, USPS shall prioritize identifiable Election Mail that is entered as Marketing Mail, regardless of the paid class, including advancing Election Mail entered as Marketing Mail ahead of other Marketing Mail and processing it expeditiously so that it is generally delivered in line with the First-Class Mail delivery standards; expanding processing windows on letter and flat sorting equipment to ensure that all Election Mail received prior to the First-Class Mail Critical Entry Time is processed that same day; and prioritizing Election Mail, including ballots entered with Green Tag 191, when loading trucks.

    b. This paragraph (Paragraph 1) shall not be construed to require USPS to change its policies that generally do not include the transportation of Election Mail entered

as Marketing Mail by air; or to extend other features of First-Class Mail, distinct from delivery speed, to Election Mail entered as Marketing Mail. However, USPS will employ special individualized measures to expedite handling of individual voter ballots mailed close to Election Day, regardless of paid class, which may include manually separating them and moving them by air or according to Priority Mail Express delivery speed standards, consistent with practices used in past elections.

2. To the extent it has not already done so, no later than September 25, 2020, USPS shall provide to this Court and Plaintiffs a cost estimate for treating all Election Mail, as defined herein, as First-Class Mail beginning on October 15, 2020.

3. [[The parties were not able to reach agreement as to relief pertaining to USPS's overtime policies. The parties understand that per the terms of the PI Decision, the Court's language pertaining to overtime (PI Decision at 84 ¶ 3) shall take effect on September 25, 2020, at noon; Defendants respectfully refer the Court to their Motion for Clarification or Modification or, in the Alternative, for a Stay filed contemporaneously herewith.]]

4. No later than October 1, 2020, USPS shall submit to the Court a list of steps necessary to restore First-Class Mail and Marketing Mail on-time delivery scores to the highest score each respective class of mail has received in 2020, which are 93.88 percent for First-Class Mail and 93.69 percent for Marketing Mail, and shall thereafter make a good faith effort to fully implement the listed steps.

5. To the extent it has not already done so, no later than September 25, 2020, USPS shall submit to the Court a list of all USPS recommended practices concerning the treatment of Election Mail that are not binding policies.

6. USPS shall provide this Court and Plaintiffs with a weekly update, to be provided every Friday[1], that includes:

   a. The same weekly update USPS is providing Congress, with respect to USPS's Market-Dominant products (First-Class Mail, Marketing Mail, and Periodicals);

   b. Separate, unmerged 2-day and 3-5 day weekly service reports for both pre-sort and single-piece First-Class Mail, and variance reports;

   c. A summary, not to exceed 10 pages in length, of any and all data and information collected by USPS Headquarters regarding USPS's handling of Election Mail at the Headquarters level and compliance with the USPS policies regarding Election Mail, USPS recommended practices regarding Election Mail, and the terms of this Order specifically pertaining to Election Mail.

7. No later than September 29, 2020, USPS shall submit to the Court and Plaintiffs a proposed Supplemental Guidance Document, to be distributed to all USPS managerial staff. The September 21 USPS Instructions, the forthcoming further guidance on the use of additional resources, and the proposed Supplemental Guidance Document shall together, in clear terms and with the aid of examples:

   a. Identify and explain all USPS policy requirements concerning the treatment of Election Mail;

   b. Identify and explain all USPS recommended practices concerning the treatment of Election Mail;

   c. Reemphasize that late and extra trips are not banned, and clarify that pre-approval

---

[1] The parties agree that on Friday, September 25, 2020, USPS will provide the information described in Paragraphs 6(a) and 6(b), but not the variance reports described in Paragraph 6(b) or the information described in Paragraph 6(c), herein.

    is not needed for late and extra trips and that authorizing late and extra trips through November 6, 2020, will not result in disciplinary action;

  d. Reemphasize that USPS commits to, authorizes, and encourages the use of any late and extra trips that would facilitate the timely delivery of Election Mail;

  e. Explain that USPS shall prioritize Election Mail as described in Paragraph 1 of this Order;

  f. [[As discussed in Paragraph 3, the parties have not reached agreement on relief regarding USPS's overtime policies and practices]]

  g. Direct managers to explain to each of their direct reports the policies and practices described in the Supplemental Guidance Document that are relevant to each direct report, taking into account their individual responsibilities;

  h. Provide contact information for persons available to answer questions concerning the Supplemental Guidance Document; and

  i. Provide contact information for persons responsible for tracking and responding to reports of violations of USPS policies and recommended practices concerning the treatment of Election Mail and direct personnel to contact this person in the event of any such violation.

8. No later than October 1, 2020, Plaintiffs shall submit any comments concerning the Supplemental Guidance Document to this Court. Plaintiffs shall attach a copy of Defendants' proposed Supplemental Guidance Document containing any of Plaintiffs' suggested edits in track changes.

9. Within 7 days of the date of an Order of this Court approving the Supplemental Guidance Document, USPS shall certify to this Court whether all USPS managerial staff

members have certified that they have read, reviewed, and understand the Supplemental Guidance Document; to the extent any managerial staff member has not yet certified that they have read, reviewed, and understand the Supplemental Guidance Document, USPS shall describe each attempt it has made to contact the relevant managerial staff member.

Dated: September 25, 2020
      New York, New York

|  |  |
|---|---|
|  | Respectfully submitted, |
| COHEN&GREEN P.L.L.C.<br>*Attorneys for Plaintiffs* | AUDREY STRAUSS<br>Acting United States Attorney for the<br>Southern District of New York<br>*Attorney for Defendants* |
| By: /s/ J. Remy Green, Esq.<br>J. REMY GREEN, ESQ.<br>COHEN&GREEN P.L.L.C.<br>1639 Centre St., Suite 216<br>Ridgewood, New York 11385<br>Tel.: (929) 888.9480<br>Facsimile: (929) 888.9457<br>E-mail: remy@femmelaw.com | By: /s/ Rebecca S. Tinio<br>REBECCA S. TINIO<br>STEVEN J. KOCHEVAR<br>Assistant United States Attorneys<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Tel.: (212) 637-2774/2715<br>Facsimile: (212) 637-2686<br>E-mail: rebecca.tinio@usdoj.gov<br>        steven.kochevar@usdoj.gov |

      SO ORDERED this _____ day of _____, 2020

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE