# MurphyAnderson PLLC

Washington
1401 K Street NW, Suite 300
Washington, DC 20005
202.223.2620   Fax 202.296.9600

www.murphypllc.com

Boston
111 Devonshire Street, 5th Floor
Boston, MA 02109
617.227.5720   Fax 617.227.5767

Cincinnati
2406 Auburn Avenue
Cincinnati, OH 45219
513.784.1280   Fax 877.784.1449

Reply to Washington Office
mholmes@murphypllc.com

Hon. Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1610
New York, NY 10007

Re:   *Jones v. U.S. Postal Service*, Case No. 1:20-cv-06516-VM

Dear Judge Marrero:

My name is Melinda K. Holmes and I am General Counsel to the American Postal Workers Union, AFL-CIO. The APWU represents a bargaining unit of postal employees that includes clerks in mail processing and retail facilities, motor vehicle drivers, and all types of maintenance employees. I have represented the APWU for over twenty years and have served as its General Counsel for three years.

I am aware of the September 21 and 25, 2020, guidance to postal management issued by the Postal Service regarding its handling of Election Mail. It is my understanding that the Postal Service did not discuss or negotiate this guidance with the APWU.

Without commenting on the whole of the guidance, the instructions to managers regarding overtime fail to offer explicit measures from which one could determine compliance with a court order. Overtime is normally planned for, directed by, and monitored by local managers and is a regular tool used by postal management to accomplish work without hiring additional employees. The Postal Service has been criticized for excessive use of overtime beyond what it planned, and the Postal Service recognizes that a specific cause for increased overtime is understaffing. The Union agrees that the Postal Service is understaffed, and has long encouraged the Postal Service to invest in growing its cadre of career employees. It is unlikely, however, that the Postal Service will be able to meaningfully address staffing in a way that minimizes the need for overtime in the next few weeks. Given that overtime is presently certain and necessary, both for regular operations during a pandemic but also possibly for the increased efforts the Postal Service has said it will make around the Election, the Court's demand for a clear commitment from the Postal Service that it will be generous with its local managers in scheduling and permitting overtime in the days leading up to Election Day is understandable.

The commitments the Postal Service has made in its internal guidance are not, however, so clear. Commitments to use overtime to handle Election Mail "where needed" and "as necessary" are very discretionary. Without specific discussion and negotiation, those terms do not have a common defined meaning in postal parlance. In this situation, they appear to defer to

MurphyAnderson PLLC

*Jones v. USPS*, Case No. 1:20-cv-06516-VM
September 27, 2020
Page 2

management at various levels to dictate overtime and not necessarily based on circumstances on the ground. They also require the Court to have confidence that thousands of managers will evaluate the need and necessity for overtime the same way and with the same urgency. A general commitment to use overtime only at the discretion of an unknown level of management fails to provide measurable standards to managers, employees, the litigants, or the Court. Other references the Postal Service makes to "earned hours" refer to a theory and management system on which the Postal Service bases staffing, a theory the Union has successfully challenged in its grievance-arbitration procedure. The Court is encouraged *not* to defer to management concepts like "earned hours," especially in the instant situation where it is of questionable applicability and offers no measure or standard that is directly related to handling Election Mail.

      The APWU has every confidence in the ability of the Postal Service and postal workers to successfully handle all votes cast by mail. Prioritizing voting by mail has a long tradition within the Postal Service. The Court's interest in establishing demonstrable measures to verify that the same priority remains true this election cycle is reasonable. But every postal facility is different and clear communication is critical. The Postal Service should be able to identify at the local level overtime hours to match the work the Postal Service has planned for handling Election Mail. Flexibility on overtime scheduling beyond what is planned is also appropriate and should be permitted in these special circumstances. The Postal Service should also be able to comply with the APWU's collective bargaining agreement and its rules on overtime, and the APWU and the Postal Service have mature processes for addressing any contract compliance deviations or violations.

      The APWU looks forward to continuing to work with the Postal Service on its efforts related to Election Mail, and encouraging compliance with the Court's order.

Very truly yours,

MURPHY ANDERSON PLLC

By: *Melinda Holmes*
Melinda K. Holmes