U.S. Department of Justice

United States
Southern Dist

86 Chambers Street,
New York, New York

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/29/2020
```

September 28

**BY ECF AND ELECTRONIC MAIL**

Hon. Victor Marrero, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Jones* et al. *v. United States Postal Service* et al., No. 20 Civ. 6516 (VM)

Dear Judge Marrero:

      This Office represents the defendants in the above-referenced case. We write respectfully to request a short extension, from September 29, 2020, until October 2, 2020, of Defendants' time to submit a proposed Supplemental Guidance Document, pursuant to paragraph 7 of the Order entered by the Court on September 25, 2020 (ECF No. 57) (the "PI Order"). This is Defendants' first request for an extension of this deadline; Defendants do not seek an extension of any of the other upcoming deadlines imposed by that Order. *See id.* ¶¶ 4, 6.

      Defendants seek this extension primarily to ensure that—in light of multiplying preliminary injunctions being issued in numerous jurisdictions, each with somewhat different scopes, effects, and requirements—the United States Postal Service ("USPS") endeavors to provide guidance to its employees regarding the 2020 Election Season that comprehensively satisfies its legal obligations and ensures that the field is fully informed about USPS's operations and policies (particularly with respect to Election Mail), but is not confusing, piecemeal, or potentially conflicting. As the Court is aware, USPS has recently issued two guidances to the field: the September 21, 2020 Clarifying Operating Instructions, which were issued in part to assist the field in carrying out the directives of the preliminary injunction order in *Washington v. Trump*, No. 1:20-CV-03127-SAB (E.D. Wash.) (ECF No. 81), and a September 25, 2020 Memorandum outlining additional resources being made available, effective October 1, 2020, to ensure the expeditious handling of Election Mail. *See, e.g.*, ECF Nos. 58-4, 58-5. The PI Order in this case expressly anticipates that the forthcoming Supplemental Guidance Document would work in concert with the September 21 and September 25, 2020 memoranda to provide clear guidance to the field. *See* PI Order ¶ 7.

      In the last two days, courts in three other cases challenging USPS policies and practices have entered preliminary injunctions. *See New York v. Trump*, No. 20-cv-2340 (EGS) (D.D.C. Sept. 27, 2020) (ECF No. 51); *Vote Forward v. DeJoy*, No. 20-cv-2405 (EGS) (ECF No. 31); *Pennsylvania v. DeJoy*, No. 20-4096 (E.D.Pa. Sept. 28, 2020) (ECF No. 63). Each of these orders directs relief relating to one or more of the topics directed to be addressed in the

Supplemental Guidance Document, including late and extra trips, the handling of Election Mail, and the management of overtime.  *See, e.g.*, *Pennsylvania v. DeJoy*, No. 20-4096 (E.D. Pa. Sept. 28, 2020) (ECF No. 63) (enjoining the "continued implementation or enforcement" of numerous USPS practices and/or policies relating to, among other things, transportation and the management of overtime hours); *New York v. Trump*, No. 20-cv-2340 (EGS) (D.D.C. Sept. 27, 2020) (ECF No. 51) (enjoining the defendants from enforcing "the Postal Policy Changes," which include the transportation initiative and purported changes in the handling of Election Mail); *Vote Forward v. DeJoy*, No. 20-cv-2405 (EGS) (ECF No. 31) (enjoining the defendants from enforcing the "Late/Extra Trips Policy").[1]  USPS is currently analyzing these orders, their effects, and USPS's legal obligations under each, and has substantial concerns about finalizing and submitting a Supplemental Guidance Document to this Court before it has thoroughly and carefully completed this analysis.

Furthermore, key USPS personnel and counsel are working hard to handle the proliferating demands occasioned by these latest preliminary injunctions and, more generally, by the approximately dozen pending litigations.  Given their finite resources and the need also to manage USPS's operations in a particularly challenging time, USPS requires three additional days to finalize and submit the Supplemental Guidance Document.

Plaintiffs do not consent to this request. Plaintiffs' position is as follows:

"Plaintiffs object to any delay and believe that further delay -- for reasons discussed in their briefing filed last night -- will be prejudicial.  Additionally, the Courts entering the other Orders have expressly taken account of this Court's Order.  *See, e.g.*, *Pennsylvania v. DeJoy*, Slip. Op. at 86 ("Under the comity doctrine, I have attempted to ensure that the remedy here does not directly conflict [with others].  Indeed, this preliminary injunction explicitly incorporates the Order entered by agreement of the parties in *Jones*").  Plaintiffs also note that the Pennsylvania decision contains a number of findings regarding overtime practices and commentary on "what appears to be a strategic effort by Defendants to limit the Court's understanding of the significant degree to which some top officials of the Postal Service were directly involved in the operational changes that went into effect in July" (Slip. Op. at 23) that bear both on the delay involved in this additional request -- as well as on the pending motion.  Finally, Plaintiffs note that in the data filed Friday, there was a full 2-point drop in service standards, leaving First Class Mail at 86.75% on time.

Plaintiffs have no objection, however, to incorporating limited revisions if Defendants provide such revisions before 8:00 pm on October 1 (Plaintiffs' deadline)."

* * *

We thank the Court for its consideration of this request.

---

[1] Moreover, both of the preliminary injunctions issued in the District of Columbia deny, on their face, any request to stay the effect of the orders pending a possible appeal. *See New York v. Trump*, No. 20-cv-2340 (EGS) (D.D.C. Sept. 27, 2020) (ECF No. 51); *Vote Forward v. DeJoy*, No. 20-cv-2405 (EGS) (ECF No. 31).

Respectfully,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:  /s/ Rebecca S. Tinio_____
REBECCA S. TINIO
STEVEN J. KOCHEVAR
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2774/2715
E-mail: rebecca.tinio@usdoj.gov
             steven.kochevar@usdoj.gov

---

The request for extension is granted. The Government shall have until October 2, 2020 to submit a proposed Supplemental Guidance Document.

**SO ORDERED.**

9/29/2020
DATE                                    VICTOR MARRERO, U.S.D.J.