

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<i>86 Chambers Street, 3rd Floor</i>
<i>New York, New York 10007</i>

October 2, 2020

**<u>VIA ECF</u>**

Hon. Victor Marrero, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Jones* et al. *v. United States Postal Service* et al., No. 20 Civ. 6516 (VM)

Dear Judge Marrero:

This Office represents the defendants in the above-referenced case. We write respectfully pursuant to the provision of the Court's September 25, 2020 Order, ECF No. 57 (the "Order"), according to which the United States Postal Service ("USPS") is to "submit to the Court and Plaintiffs a proposed Supplemental Guidance Document, to be distributed to all USPS managerial staff." *Id.* ¶ 7.[1] Defendants' proposed Supplemental Guidance Document is attached hereto as Exhibit A, and will also be provided to Plaintiffs in Microsoft Word format. As anticipated by the Order, and with the goal of providing unified, consistent guidance to the field, USPS intends for this Supplemental Guidance Document to satisfy the Order's requirements in concert with two other recently issued guidance documents (attached hereto as Exhibits B and C, respectively): the September 21, 2020 Clarifying Operating Instructions, which were issued in part to assist the field in carrying out the directives of the preliminary injunction order in *Washington v. Trump*, No. 1:20-CV-03127-SAB (E.D. Wash.) (ECF No. 81), and a September 25, 2020 Memorandum outlining additional resources being made available, effective October 1, 2020, to ensure the expeditious handling of Election Mail. *See* Order ¶ 7.

USPS proposes to distribute the Supplemental Guidance Document directly to three specific groups of managerial employees: Postal Service Officers, consisting of approximately forty positions, including Vice Presidents at Headquarters and in the field; members of the Postal Career Executive Service ("PCES"), consisting of approximately 600 positions at Headquarters and in the field, including Postmasters of certain major cities and Managers of large processing and distribution centers; and members of the Management and Technical Pay Bands, consisting of approximately 950 employees, including qualified employees in management and technical positions. After direct distribution to these groups, members of these groups will distribute, or "push," the Supplemental Guidance Document to employees on the

---

[1] The information contained in this letter has been provided to this Office by the United States Postal Service, to be provided to the Court to comply with Defendants' obligations under the Order.

Executive and Administrative Schedule ("EAS"), which the Postal Service Employment and Labor Relations Manual Section 411.1 defines as "nonbargaining unit career and noncareer employees in supervisory, professional, technical, clerical, administrative, and managerial positions," and which consists of approximately 51,000 employees.  This is also how the September 21, 2020 Clarifying Operational Instructions and the September 25, 2020 Additional Resources Memorandum were distributed to USPS managerial staff.

      USPS recognizes that the process set forth in the Order provides Plaintiffs the opportunity to submit suggested edits to this Supplemental Guidance Document, and vests in the Court final approval of the Document.  Order ¶¶ 8-9.  USPS has significant concerns about the possibility that it may be directed to transmit guidance to its workforce that risks hindering, rather than furthering, the ultimate goal of ensuring the expeditious delivery of Election Mail over the next several weeks—a goal that USPS shares with Plaintiffs and the Court.  As an organization focused largely on logistics on an enormous scale, USPS is governed by numerous technical operating plans and manuals, collective bargaining agreements, memoranda of understanding, vendor contracts, and other directives embodying and employing USPS's own operational vocabulary.  In the Supplemental Guidance Document enclosed herewith, USPS has endeavored to comply with the Order while also translating that Order's directives and intent into language that will make sense to the field, align with their existing operating plans and instructions, and harmonize with the agreements and contracts to which USPS is bound.  Above all, USPS wishes to avoid issuing guidance to its workforce that confuses, rather than clarifies their understanding of USPS's procedures, so close in time to the November 2020 election.

      We thank the Court for its consideration of this matter.  Should the Court wish to discuss any issue relating to the Supplemental Guidance Document, the undersigned are available at the Court's convenience.

    Respectfully,

    AUDREY STRAUSS
    Acting United States Attorney for the
    Southern District of New York
    *Attorney for Defendants*

By:  /s/ Rebecca S. Tinio
    REBECCA S. TINIO
    STEVEN J. KOCHEVAR
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2774/2715
    E-mail: rebecca.tinio@usdoj.gov
          steven.kochevar@usdoj.gov