

October 6, 2020

Hon. Victor Marrero, U.S.D.J.
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

By Electronic Filing.

Re:   Jones et al. v. United States Postal Service, 20-cv-6516-VM

Dear Judge Marrero:

My firm and other counsel who have appeared represent Plaintiffs in the case named above. We write regarding concerning data showing a massive drop in service performance by USPS over the past two weeks of available data – and note that this time includes a full week covered by the various nationwide injunctions against USPS. We have attempted to resolve this issue with Defendants prior to making this motion, asking for – among other things – more recent or closer to real time data (since there is a significant time lag). Our understanding of Defendants' position (confirmed with counsel) is that:

> (1) defendants do not understand the Court's Order to require USPS to maintain First-Class or Marketing Mail on-time delivery scores at or above a specific level, (2) such a requirement would not be practicable or an appropriate component of injunctive relief, including under Fed. R. Civ. P. 65(d)(1), and (3) defendants have complied with their obligations to produce data pursuant to the Court's Order and providing more current data would risk providing data that is incorrect, incomplete and subject to change. It would be possible for USPS to provide plaintiffs with the data it provides to Congress on a weekly basis on Thursday (the day the data is provided to Congress), instead of on Friday.

### Facts

As revealed in Defendants' data filed Friday, the national on-time score for First Class mail has taken a dive of nearly 5 points over the past two weeks of available data, placing it very close to the bottom point we've seen this year (84.23 vs. 81.27). *See* ECF No. 68-1 at 1. This drop is at least somewhat inconsistent with testimony at the hearing. *See, e.g.,* Hearing Tr. 60:7-11 (testimony on 9/16, during the first portion of the two-week recent dive, saying, "Well, again, you're looking through data at 8/29. I would tell you that I've got more recent data. So if we could update the tables, then we could -- and graphs that I look at on a regular basis...").

Importantly for election purposes (cf. ECF No. 49 at 78 n. 20), the data show a 6% drop in the most recent week for the Mid-Carolinas (ECF No. 68-1 at 11), and Greensboro shows an almost



4% drop to only 78.49% on time (ECF No. 68-1 at 10).  Philadelphia Metro shows a shocking 9.2% drop, to 78.76% on time (ECF No. 68-1 at 16).  Michigan and Florida districts also show some significant drops.  ECF No. 68-1 at 23-24; 44-45.  *See also*, *id.* at 15-16 (dramatic drops in Ohio); 11-12 (dramatic drops in Virginia).

Nor is anything like this kind of decline typical for this time of year:



The Court Ordered that Defendants provide a list of "steps necessary to restore First-Class Mail and Marketing Mail on-time delivery scores to the highest score each respective class of mail has received in 2020, which are 93.88 percent for First-Class Mail and 93.69 percent for Marketing Mail," and to "thereafter make a good faith effort to fully implement the listed steps." ECF No. 57 at 3.  In order to ensure that the "good faith effort" actually produced results, the Court also Ordered Defendants to provide a "weekly update," with detailed data showing mail slowdown.  Because of the dramatic dip in service performance, and USPS's response of, essentially, a shrug, this motion followed.

## Discussion

Sitting in equity (as it is here), this Court has the power to order whatever relief is necessary to carry out its Orders.  *Root v. Woolworth*, 150 U.S. 401, 410-411 (1983) ("It is well settled that a court of equity has jurisdiction to carry into effect its own orders, decrees and judgments."); *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1971).  *See also*, *National Law Ctr. v. U.S. Veterans Admin.*, 98 F. Supp. 2d 25, 26-27 (D.D.C. 2000) ("A court's powers to enforce its own injunction by issuing additional orders is broad, … particularly where the enjoined party has not fully complied with the court's earlier orders.") (quotation marks omitted).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



And the Court is not limited to the exact relief it previously ordered.  Rather, a district judge is "vested with wide discretion in fashioning a remedy" to ensure compliance with her Orders.  *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979).  Here, the Court granted relief that was designed to monitor whether the "necessary steps" to restore service standards were actually doing their job.  Instead, USPS service has taken a "dip" almost equivalent to the "largest dip …the week of July 18" – falling far below the point the Court already found raised serious Constitutional concerns. ECF No. 49 at 25-26.  The Court directly held that "if the Postal Service's mail delivery levels remain at current levels or continue to decline, under operational policies apparently still in place, such curtailed performance would put the ability of voters to timely cast their ballots at risk."  *Id.* at 28.  That was when the on-time score was in a significantly better place than it is now.

Practically speaking, this means the Court may want to evaluate the propriety of expanding various remedies (directing Defendants to use overtime for non-election mail until service performance improves, for example), or may want to consider whether some kind of independent monitor is necessary to ensure service standards do not continue to drop.  And in terms of Defendants' compliance with the Court's Order, either (1) Defendants have failed to appropriately identify all the steps "necessary" to return their service standards to the appropriate levels or (2) have failed to implement the steps they have identified.

In any event, we believe that the best first step is for the Court to call a conference in the next day to discuss this issue with the parties.  We also believe that Defendants should be ordered, to the extent it exists (*see, e.g.,* Hearing Tr. 60:7-11, suggesting closer to real-time data exists), to produce data that is significantly closer to real time (rather than on a multiple week delay).  One significant problem here is that the problems we are looking at may well be moot by now – but may also be worse.

We stand ready to address this serious and urgent issue however the Court deems best.

                                              Respectfully submitted,

                                              /s/
                                            _____
                                            J. Remy Green
                                                *Honorific/Pronouns: Mx., they/their/them*
                                            **COHEN&GREEN P.L.L.C.**
                                            1639 Centre St., Suite 216
                                            Ridgewood, New York 11385
                                            remy@femmelaw.com
                                            *Attorneys for Plaintiffs*

cc:
All relevant parties by ECF and email.

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com