USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MONDAIRE JONES, et al.,                  :
                                         :
                    Plaintiffs,          :   20 Civ. 6516 (VM)
                                         :
     - against -                         :   DECISION AND ORDER
                                         :
UNITED STATES POSTAL SERVICE, et al.,    :
                                         :
                                         :
                    Defendants.          :
----------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Mondaire Jones, Alessandra Biaggi, Chris Burdick, Stephanie Keegan, Seth Rosen, Shannon Spencer, Kathy Rothschild, Diana M. Woody, Perry Sainati, Robert Golub, Mary Winton Green, Marsie Wallach, Matthew Wallach, Mac Wallach, Carol Sussman, and Rebecca Rieckhoff ("Plaintiffs") filed this action against defendants United States Postal Service ("USPS" or "Postal Service"); Louis DeJoy, as Postmaster General ("DeJoy"), and Donald J. Trump, as President of the United States ("President," and together with the Postal Service and DeJoy, "Defendants" or the "Government"). (See "Amended Complaint," Dkt. No. 36.) Plaintiffs sought declaratory relief and a preliminary injunction mandating that the Postal Service take certain actions to ensure the timely delivery of their absentee ballots in the upcoming national elections being held November 3, 2020. (See "Motion," Dkt. No. 19-1; "Notice of Motion," Dkt. No. 19.)

1

On September 2, 2020, Plaintiffs moved the Court for a preliminary injunction. On September 21, 2020, the Court issued a Decision and Order granting in part Plaintiffs' motion for a preliminary injunction and directing the parties to settle an order consistent with the Court's decision. See Jones v. U.S. Postal Serv., No. 20 Civ. 6516, 2020 WL 5627002 (S.D.N.Y. Sept. 21, 2020). Consistent with the Court's directive, the parties submitted a joint proposed order on September 25, 2020.

The Court entered an order adopting the parties' proposed terms on September 25, 2020. (See "Preliminary Injunction," Dkt. No. 57, ¶ 7.) This Preliminary Injunction, among other things, directed the Government to submit a proposed guidance memorandum addressing specified topics. On September 29, 2020, the Court issued an order clarifying certain terms of the Preliminary Injunction. (See "Clarification Order," Dkt. No. 66.)

On October 2, 2020, the Government submitted a proposed guidance memorandum. (See Dkt. No. 69.) The Government submitted a correction to that filing the following day. (See Dkt. No. 70). Consistent with the terms of the Preliminary Injunction, Plaintiffs proposed edits to the guidance memorandum on October 4, 2020. (See Dkt. No. 71.) Upon receipt of Plaintiffs' filing, the Court directed the parties to meet

and confer to reach an agreement resolving their differences
no later than October 7, 2020. (See Dkt. No. 72.) Plaintiffs
submitted an update on the status of the parties' discussions
on October 7, 2020. (See Dkt. No. 76.) As of October 7,
counsel for the Government was awaiting authorization to
provide further edits to the proposed guidance memorandum. On
October 8, 2020, the Government submitted a revised proposed
guidance memorandum. (See Dkt. No. 77.) Thereafter, the
parties each submitted redlines comparing the Government's
most recent proposal to Plaintiffs' most recent proposal.
(See Dkt. Nos. 79 & 80.)

Although the parties made progress toward resolving
their initial differences, a number of disputes remain. In
deciding how to resolve the parties' remaining disputes
concerning the guidance memorandum, the Court is mindful of
several important considerations. First, USPS is currently
subject to preliminary nationwide injunctions issued by
multiple federal district courts that bear upon USPS's
handling of Election Mail. See, e.g., Pennsylvania v. DeJoy,
No. 20 Civ. 4096, 2020 WL 5763553 (E.D. Pa. Sept. 28, 2020),
ECF No. 63; New York v. Trump, No. 20 Civ. 2340, 2020 WL
5763775 (D.D.C. Sept. 27, 2020), ECF No. 51; Vote Forward v.
DeJoy, No. 20 Civ. 2405 (D.D.C. Sept. 28, 2020), ECF No. 31;
Washington v. Trump, No. 20 Civ. 3127 (E.D. Wash. Sept. 17,

2020), ECF No. 81. Requiring USPS to issue guidance potentially inconsistent with an order of another court would undermine the goal of eliminating the managerial and operational confusion within USPS to facilitate the uniform treatment and timely delivery of Election Mail. Second, the national elections are imminent. Indeed, USPS is already handling substantial volumes of Election Mail. (See Dkt. No. 68, at 3 (explaining that 11,637,830 pieces of Election Mail were advanced between September 19, 2020 and September 25, 2020).) To ensure that such mail is handled in a manner consistent with constitutional obligations, a guidance memorandum must be finalized and distributed to USPS personnel as soon as practicable.

These considerations counsel in favor of limiting the scope of the guidance memorandum in accordance with the specific directives contained within the Preliminary Injunction, which are themselves the product of negotiations between the parties. The Court is persuaded that the appropriate course is to adopt, in substantial part, the Government's latest proposal. The Government's proposal is largely consistent with the terms and spirit of the Preliminary Injunction.[1] However, the Court identifies two

---

[1] Consistent with the aim of avoiding any conflict with orders entered by any other court, this Court expressly declines to hold whether the September 21, 2020 guidance memorandum sent to managerial staff titled

areas with respect to which further discussion between the parties is likely to be productive and, ultimately, advance the goal of providing clear, uniform directions to USPS employees in a manner consistent with the terms of the Preliminary Injunction.

First, with respect to "extra delivery and collection trips," Plaintiffs propose a bullet explaining that such trips are to be used "to ensure that completed ballots entered *within eight days prior to* Election Day (i.e., October 26, 2020) *and through the state-appropriate number of days after Election Day* reach the appropriate election official *by the state's designated deadline*." (Dkt. No. 71-1, at 2 (emphasis added).)   The Government does not accept this language, instead proposing a bullet explaining that extra trips are to be used "to ensure that completed ballots entered *on Election Day* reach the appropriate election official by the state's designated deadline *on Election Day*." (Dkt. No. 77-2, at 2 (emphasis added).)

The Preliminary Injunction requires that the guidance memorandum explain that extra trips are "authorize[d] and

---

"Clarifying Operational Instructions" (Dkt. No. 62-1); and the September 25, 2020 guidance memorandum sent to managerial staff titled "Additional Resources for Election Mail Beginning October 1" (Dkt No. 62-3) are fully consistent with the requirements of the Preliminary Injunction or, more broadly, the September 21, 2020 Decision and Order.

encourage[d]" to "facilitate the timely delivery of Election

Mail," without any temporal limitation. (Dkt. No. 54-1 ¶

7(d).) In light of the considerations discussed above, the

Court is not inclined to approve the addition of any temporal

mandates or restrictions not contained within the Preliminary

Injunction.   The   language   the   Government   proposes   is

potentially   both   confusing   and   inconsistent   with   the

Preliminary Injunction.  First, it could be read to suggest

that extra trips will only be used for Election Mail "entered

on," but not before, Election Day. Second, the reference to

state "deadline[s] on Election Day" is confusing. Many states

count ballots received days, and in some cases weeks, after

Election Day.[2] Thus, the "timely delivery" of Election Mail

may require extra trips both before and after Election Day.

The Court will direct the parties to agree on guidance that

remedies these issues.

        Relatedly, a separate paragraph of the Government's

proposed guidance memorandum states:

        Authorizing late and extra trips through November
        6, 2020, will not result in disciplinary action. To
        the   contrary,   late   and   extra   trips   that   would

_____

[2] As of the date of this Order, Alaska, California, Illinois, Kansas,
Kentucky, Maryland, Massachusetts, Mississippi, Nevada, New Jersey, New
York, North Carolina, North Dakota, Ohio, Texas, Utah, Virginia,
Washington, and West Virginia all accept ballots received after Election
Day as long as they are postmarked by or before Election Day -- and the
list is growing. See Receipt and Postmark Deadlines for Absentee Ballots,
Nat'l   Conference   of   State   Legislatures   (Sept.   29,   2020),
https://www.ncsl.org/research/elections-and-campaigns/vopp-table-11-
receipt-and-postmark-deadlines-for-absentee-ballots.aspx.

> facilitate the on-time delivery of Election Mail
> are authorized and encouraged -- we are committed
> to using such trips to deliver Election Mail on
> time.

(Dkt. No. 77-1, at 3.) Presumably to avoid misinterpretation

of this language as indicating that extra trips intended to

facilitate the delivery of Election Mail are authorized only

through November 6, 2020, Plaintiffs suggested the following

language:  "*Through November 30 in particular,* late and extra

trips that would facilitate the on-time delivery of Election

Mail are authorized and encouraged -- we are committed to

using such trips to deliver Election Mail on time." (Dkt. No.

71-1, at 4 (emphasis added).) As noted above, the Preliminary

Injunction contains no temporal limitation with respect to

the use of late and extra trips taken to further the timely

delivery of Election Mail. The Court is not inclined to impose

new temporal requirements, including Plaintiffs' proposed

November 30, 2020 requirement. Nonetheless, the Court agrees

that the Government's proposed language may create confusion

among USPS employees as to whether the use of late and extra

trips to facilitate the timely delivery of Election Mail is

forbidden after November 6, 2020.

Accordingly, it is hereby

7

**ORDERED** that the parties meet and confer and propose agreed-upon language resolving the issues identified above no later than 3:00 p.m. on October 9, 2020.

**SO ORDERED.**

Dated:      New York, New York
            8 October 2020

                                        Victor Marrero
                                           U.S.D.J.