

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

October 29, 2020

**BY ECF**

Hon. Victor Marrero, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Jones* et al. *v. United States Postal Service* et al., No. 20 Civ. 6516 (VM)

Dear Judge Marrero:

    This Office represents the defendants in the above-referenced case. We write respectfully in accordance with the Court's order issued on October 28, 2020 (ECF No. 92), directing Defendants to respond to correspondence apparently sent directly to the Court by an American Postal Workers Union ("APWU") official in Lafayette, Louisiana.[1] In that correspondence, the APWU official claims that the United States Postal Service ("USPS") is in "violation" of an order purportedly issued by the Court on September 28, 2020. *See id.* More particularly, the APWU official suggests that USPS has run afoul of a judicial order by not reconnecting a number of previously disconnected mail processing machines. *Id.*

    As a threshold matter, the premise of the correspondence is mistaken. This Court has not ordered any relief relating to mail processing machines. Therefore, even assuming all of the facts alleged in the correspondence are correct, USPS has not violated any order of this Court.[2]

    In addition, to USPS's knowledge, the APWU official has sent identical correspondence directly to at least one other district court presiding over a lawsuit similarly challenging USPS policies and practices (*Pennsylvania v. DeJoy*, No. 20-4096 (E.D.Pa.)). In connection with that correspondence, USPS investigated the status of mail processing machines previously removed and subsequently reconnected this year in its Louisiana processing plants, and concluded that no machine has been disconnected (or failed to be reconnected) in violation of any court order. USPS determined further that the removal of some mail processing machines earlier this year has caused no processing capacity problems in USPS processing plants in Louisiana. In recent

---

    [1] The information contained in this letter has been provided to this Office by the United States Postal Service, to be provided to the Court to comply with Defendants' obligations under the Court's October 28, 2020, Order.

    [2] In addition, the writer of the correspondence to the Court is not a plaintiff here and has not moved to intervene. It is unclear how the writer of the correspondence could have standing or be entitled to seek relief from the Court in this case.

months, USPS has approved all Louisiana plant manager requests to reconnect machines. In addition, USPS removed certain parts from machines that had been taken out of service and used those parts to expand the processing capacity of remaining machines. The APWU official's correspondence appears to assume that one or more courts have ordered USPS to return every previously disconnected mail processing machine to service, *see* ECF No. 92, but that is not correct. While some courts handling recent cases challenging USPS policies and practices have entered relief pertaining to mail processing machines, no court has ordered that each and every previously disconnected machine be reconnected.

We thank the Court for its consideration of these issues.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: /s/ Rebecca S. Tinio
REBECCA S. TINIO
STEVEN J. KOCHEVAR
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2774/2715
E-mail: rebecca.tinio@usdoj.gov
steven.kochevar@usdoj.gov